UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA ANN LOTT,

    Plaintiff,

v.                                                 Case No. 8:17-cv-2690-T-AAS

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,

    Defendant.
_____/

## ORDER

Melissa Ann Lott seeks judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), administrative record, pleadings, and joint memorandum the parties submitted, the Commissioner's decision is **AFFIRMED**.

I.     PROCEDURAL HISTORY

Ms. Lott applied for a disability she claims began on June 1, 2012. (Tr. 202–11). Disability examiners denied Ms. Lott's applications initially and after reconsideration. (Tr. 79–108, 111–44). Ms. Lott then requested a hearing before an ALJ, who found Ms. Lott not disabled. (Tr. 14–28, 170–71).

The Appeals Council denied Ms. Lott's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–3). Ms. Lott now seeks judicial review of the Commissioner's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Ms. Lott was thirty-seven years old when she submitted her SSI and DIB applications and thirty-eight years old when the ALJ held the hearing. (Tr. 46, 202, 206). Ms. Lott has a seventh-grade education. (Tr. 48). She has past relevant work as a baker and a driver. (Tr. 72). She claimed disability because of arthritis in her leg; back problems; depression; anxiety; and eczema in her hands. (Tr. 79, 111).

### B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. §§ 404.1520(b), 416.920(b). Second, if a claimant does not have an impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, then she does not have a severe impairment and is not disabled. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if

---

[1] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. §§ 404.1572, 416.910.

2

a claimant's impairments fail to meet or equal an impairment included in the Listings, she is not disabled. §§ 404.1520(d), 416.920(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent her from performing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing other work that exists in the national economy, then she is not disabled. §§ 404.1520(g), 416.920(g).

The ALJ here determined Ms. Lott engaged in no substantial gainful activity since her alleged onset date. (Tr. 16). The ALJ found Ms. Lott has severe impairments: cervical radiculopathy; obesity; and right-knee medial meniscal tear. (*Id.*). Nonetheless, the ALJ found Ms. Lott's impairments or combination of impairments failed to meet or medically equal the severity of an impairment included in the Listings. (Tr. 20).

The ALJ then found Ms. Lott has the following RFC:

[Ms. Lott] has the residual functional capacity to lift and/or carry and push/pull, ten pounds occasionally and ten pounds frequently; stand and/or walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday (with normal breaks). She can occasionally climb ramps and stairs, occasionally stoop and bend, but should never climb ladders or scaffolds. She should not perform overhead reaching with her non-dominant left upper extremity. She should avoid using chemicals, detergents, or skin irritants to hands. The claimant is further limited to work that is simple, routine and repetitive tasks, no semi-skilled or skilled work.

---

[3] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. §§ 404.1545, 416.945(a).

3

(Tr. 20) (citations omitted). Based on these findings, the ALJ determined Ms. Lott could perform jobs that exist in significant numbers in the national economy, specifically as a food-and-beverage order clerk, microfilm or document preparer, and final assembler or lens inserter. (Tr. 28). The ALJ found Ms. Lott not disabled. (*Id.*).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Phillips*, 357 F.3d at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court

4

must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

B.   **Issues on Appeal**

Ms. Lott argues the ALJ's decision should be remanded for two reasons. (Doc. 20, pp. 26–43). Ms. Lott first argues the ALJ's RFC determination is unsupported by substantial evidence. (*Id.* at 26–29). She also argues the ALJ erred when considering Ms. Lott's statements about the severity of her impairments. (*Id.* at 34–39).

1.   <u>Whether Substantial Evidence Supports the RFC Determination</u>

Ms. Lott argues the ALJ's findings about Ms. Lott's limitations (i.e., Ms. Lott's RFC) are unsupported by substantial evidence. (*Id.* at 29). She argues the ALJ incorrectly concluded that Dr. Edwin Lamm found negative a 2012 MRI. (*Id.* at 27–29). Ms. Lott also argues the ALJ's RFC determination is tainted if it is based on one doctor finding no objective support for Ms. Lott's alleged pain. (*Id.*).

The Commissioner argues the ALJ properly considered multiple doctors' reports and opinions, and other evidence, when determining Ms. Lott's RFC. (*Id.* at 30). The Commissioner points out the ALJ acknowledged inconsistencies in Dr. Lamm's findings, but the ALJ only gave Dr. Lamm some weight and determined Ms. Lott had more physical limitations than those Dr. Lamm found. (*Id.* at 32) (citations omitted). The Commissioner also argues Dr. Minal Krishnamurthy reviewed Dr. Lamm's report and found Ms. Lott restricted to sedentary work, which the ALJ gave great weight. (Doc. 20, p. 33; Tr. 26, 120–23).

5

On May 24, 2012, Ms. Lott underwent an MRI of her cervical spine. (Tr. 418–19). The MRI revealed bulging at C3-4 and herniations at C4-5, C5-6, and C6-7. (Tr. 418). Dr. Lamm reviewed the MRI and stated he could not properly interpret it. (Tr. 471–72). Ms. Lott argues the ALJ erred because concluded that Dr. Lamm found the MRI, and its x-rays, negative. (Doc. 20, p. 27).

One year after Dr. Lamm's review, Dr. Krishnamurthy reviewed the 2012 MRI and Dr. Lamm's report. (Tr. 123). Based on the 2012 MRI, Dr. Krishnamurthy noted bulging at C3-C4, disc herniations at C4-C5 C5-C6, and C6-C7. (Tr. 123). Despite the findings from the 2012 MRI and other medical evidence, Dr. Krishnamurthy determined Ms. Lott could perform sedentary work with many limitations the ALJ included in his RFC determination. (Tr. 20, 123).

At step four of the sequential evaluation, the ALJ determines the claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). A claimant's RFC is the most she can perform in a work setting despite her impairments. §§ 404.1545, 416.945(a); *Phillips*, 357 F.3d at 1238. The ALJ must determine the claimant's RFC using all relevant medical and other evidence. *Phillips*, 357 F.3d at 1238. Substantial evidence must support the ALJ's RFC determination. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004); *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005).

The ALJ must state with particularity the weight given to different medical opinions and his reasons for doing so. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). The ALJ may reject any medical opinion if evidence supports a contrary finding, but he must still articulate reasons for assigning little weight. *Caulder v.*

*Bowen*, 791 F.2d 872, 880 (11th Cir. 1986). Provided his decision does not broadly reject a claim for Social Security benefits, the ALJ need not refer to every piece of evidence. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014). Although it is unnecessary to refer to every piece of evidence, the ALJ must consider all available evidence and articulate the weight given to probative evidence. *Id.*; *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

The ALJ gave great weight to Dr. Krishnamurthy's opinion, which included a review of the 2012 MRI. (Tr. 26, 119–23). The ALJ assigned Dr. Krishnamurthy's opinion great weight because his opinion is consistent with other medical evidence. (Tr. 26). For example, like Dr. Jennifer Meyer finding Ms. Lott's mental issues no more than mildly limit her daily-living activities, Dr. Krishnamurthy found Ms. Lott independent because she performs self-care, takes public transportation, and cooks. (Tr. 86, 123).

The ALJ assigned some weight to Dr. Lamm's opinion that Ms. Lott had no physical limitations preventing her from working. (Tr. 26, 471–72). But the ALJ found Ms. Lott more limited than Dr. Lamm observed. (*Id.*). For example, although Dr. Lamm found Ms. Lott has no limitations, the ALJ found Ms. Lott limited to "simple, routine and repetitive tasks, no semi-skilled or skilled work." (Tr. 20, 472) (citations omitted).

Substantial evidence supports the ALJ's RFC determination in this case. When determining the limitations of Ms. Lott, the ALJ considered all relevant evidence. The ALJ considered Dr. Lamm's physical examination of Ms. Lott, in which

Dr. Lamm found no evidence of physical limitations that would prevent Ms. Lott from returning to work. (Tr. 23, 472). Dr. Lamm observed Ms. Lott got on and off the exam table "quite easily" and found her range of motion in her cervical and lumbar spine within normal limits. (Tr. 472). The ALJ further noted that Dr. Lamm's records were somewhat inconsistent with his own clinical findings. (Tr. 26). For example, although Dr. Lamm noted a history of low back and neck pains, he found no evidence of any physical or mental limitations. (Tr. 472).

The ALJ also considered medical evidence from Drs. Krishnamurthy, Meyer, Ellen Shapiro, Ponnavolu Reddy, Charles Barrios, and Sally Stader. (Tr. 26, 79–86, 111–19, 128–36, 857–60, 877–935, 1154–74, 1477–98). The ALJ's decision demonstrates he considered all relevant evidence when determining Ms. Lott's RFC, and substantial evidence supports the ALJ's determination.

Even if the ALJ erred when he characterized as negative the 2012 MRI, that error is harmless. A harmless error occurs when the ALJ commits an error that has no bearing on his substantive decision. *See Alabama Hosp. Ass'n v. Beasley*, 702 F.2d 955, 958 (11th Cir. 1983) (discussing the harmless error rule as it applies to agency decisions). Any error the ALJ committed when he characterized the 2012 MRI as negative is harmless because the ALJ considered other medical opinions about the same MRI.

Based on the 2012 MRI and his own observations of Ms. Lott, Dr. Lamm found she has no limitations. (Tr. 472). The ALJ nevertheless determined that Ms. Lott has more limitations than Dr. Lamm found, and the ALJ determined that Ms. Lott's

8

RFC is more in line with Dr. Krishnamurthy's opinion, to which the ALJ assigned great weight. (Tr. 26). So, any error the ALJ committed when labeling the 2012 MRI as "negative" is harmless because phrasing Dr. Lamm's findings a different way would change neither the ALJ's RFC determination nor the ALJ's decision.

2. Ms. Lott's Statements about the Severity of Her Impairments

Ms. Lott argues the ALJ erred when he found Ms. Lott's statements about the severity of her impairments partially consistent with medical evidence. (Doc. 20, pp. 35–39). Ms. Lott argues the ALJ incorrectly found Ms. Lott could engage in a "wide array of activities of daily living." (*Id.*). She also argues the ALJ incorrectly concluded that the objective medical evidence fails to support Ms. Lott's allegations about her impairments. (*Id.*).

To support her argument, Ms. Lott cites recommendations by various doctors. (*Id.* at 38–39) (citations omitted). Ms. Lott cites to the 2012 MRI, which resulted in suggestions of surgery; Dr. Tsz Lau referring pain management; Dr. Saqib Khan's diagnoses; and examinations by Dr. John Amann, who recommended physical therapy and epidural injections or surgery. (Tr. 418–19, 953, 1207–23, 1385–87). According to Ms. Lott, this medical evidence supports her allegations of pain. (Doc. 20, p. 39). Ms. Lott concludes the ALJ erred by finding statements about the severity of Ms. Lott's impairments partially consistent with medical evidence. (*Id.*).

The Commissioner argues the ALJ properly considered Ms. Lott's daily activities. (*Id.* at 41–42). The Commissioner also argues objective medical findings

9

support concluding that Ms. Lott's subjective complaints of disabling symptoms and limitations were only partially consistent with the evidence. (Doc. 20, pp. 39–41).

To establish disability based on testimony about pain and other symptoms, the claimant must show the following: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citation omitted). If the ALJ rejects subjective testimony, he must provide adequate reasons for doing so. *Id.* The ALJ may reject testimony about subjective complaints, but that rejection must be based on substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

An ALJ may consider daily activities at step four of the sequential analysis. *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987); *see also* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996) (stating the ALJ must base the RFC assessment on reports of daily activities, among other things). At the hearing, Ms. Lott testified she performs some light work around the house but her mother cooks and washes the dishes. (Tr. 64). She also testified her knee hurts when she rides her bicycle. (Tr. 65). She described difficulties sitting, standing, and walking for longer periods of time. (Tr. 65–66). Ms. Lott testified that her back and neck problems prevent her from working. (Tr. 53–54).

The ALJ determined Ms. Lott's impairment could reasonably be expected to cause her alleged symptoms "but not to the full extent to which [Ms. Lott] alleges

10

them." (Tr. 25). Instead, the ALJ determined Ms. Lott's statements about the severity of her impairment were partially consistent with the evidence. (*Id.*).

Substantial evidence supports finding Ms. Lott's statements about the severity of her impairments partially consistent with the medical evidence. The ALJ considered medical records, including reports from consultative examiners, psychiatrists, and counselors. (Tr. 20–26) (citations omitted). The records the ALJ considered show Ms. Lott engages in gardening, takes care of her pets, volunteers at her church, and takes care of her disabled mother. (*See, e.g.*, Tr. 858) (listing Ms. Lott's daily activities). The ALJ also considered Ms. Lott's testimony from her hearing. (Tr. 25–26). Ms. Lott performs personal care, washes her laundry, reads, rides her bike, uses public transportation, and cleans the house, including sweeping and vacuuming. (Tr. 48, 64–65). Further, Ms. Lott admitted she looked for work but several potential employers turned her down. (51, 1169).

The ALJ considered objective evidence, including examinations by Dr. Amann, showing Ms. Lott has free range of motion in her upper extremities. (Tr. 24, 1211). Dr. Amann also observed Ms. Lott's motor strength in her upper extremities was "5/5" throughout. (Tr. 1212). And the ALJ considered remedial effects medications had on Ms. Lott's impairments. (Tr. 22–24, 26) (citations omitted).

\* \* \*

The ALJ properly considered Ms. Lott's daily activities when finding her statements partially consistent with medical evidence. Objective evidence also

supports the ALJ's finding concerning Ms. Lott's statements. Remand on this issue is therefore inappropriate.

## IV.  CONCLUSION

Substantial evidence supports the ALJ's RFC determination. Specifically, the ALJ properly considered relevant medical records addressing the 2012 MRI. Those records support concluding Ms. Lott can perform sedentary work with the limitations the ALJ found. Substantial evidence also supports finding Ms. Lott's statements about the severity of her impairment partially consistent with medical evidence.

The Commissioner's decision is therefore **AFFIRMED**, and the case is **DISMISSED**. The Clerk of Court must enter final judgment for the Commissioner consistent with 42 U.S.C. Sections 405(g) and 1383(c)(3).

**ORDERED** in Tampa, Florida, on March 27, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge